IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:90-CR-0055 (01) |
| | § | 2:09-CV-00282 |
| JOHN HOMER STEVENS | § | |

### REPORT AND RECOMMENDATION TO DENY APPLICATION FOR LEAVE TO FILE WRIT OF HABEAS CORPUS and DISMISS PETITION TO VACATE SENTENCE AND JUDGMENT OF CONVICTION

Came for consideration the above-entitled application filed by defendant JOHN HOMER STEVENS on November 30, 2009. By his application, defendant requests leave to file a petition for a "writ of habeas corpus" challenging the "jurisdiction of this Court to have convicted him for an alleged offense claimed by the United States to be an offense against the United States of America." For the reasons hereinafter expressed, defendant's motion for leave should be DENIED and defendant's accompanying "petition to vacate sentence and judgment of conviction" DISMISSED.

### I.
### PROCEDURAL HISTORY

On April 17, 1991, after a jury trial, defendant was convicted of five (5) narcotics offenses and two (2) firearm offenses. On July 12, 1991, defendant was sentenced to a term of 30 years confinement on one narcotics count, and a term of 20 years confinement on the other four narcotics counts, such sentences to run concurrently. Defendant was also sentenced to a term of 5 years and 10 years on the two firearm counts, the 5-year sentence to run consecutively to the 30-year

sentence, and the 10-year sentence to run consecutively to the 5-year sentence.  On July 17, 1991, judgment was entered in accordance with the pronounced sentences.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit challenging, *inter alia*, the sufficiency of the evidence to support his convictions. On January 15, 1993, that Court affirmed defendant's convictions and sentences.

On December 4, 1996, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody challenging the sufficiency of the evidence to support his conviction for one of the firearm offenses and alleging the denial of effective assistance of counsel.  On March 15, 2000, defendant's motion to vacate was denied.  On November 30, 2009, defendant filed the instant motion for leave to file a petition for a writ of habeas corpus, together with a "Petition to Vacate Sentence and Judgment of Conviction for Lack of Subject Matter Jurisdiction," challenging his July 17, 1991 convictions and sentences.

II.
FAILURE TO OBTAIN CERTIFICATION

By his motion, defendant requests leave to file a petition for a writ of habeas corpus challenging the jurisdiction of this Court in his underlying federal criminal proceeding which resulted in his convictions for federal criminal offenses and court-imposed sentences to be executed in a federal correctional institute.  Presumably, defendant is requesting leave to file his action as a petition for writ of habeas corpus under 28 U.S.C. § 2241[1] rather than as a motion to vacate under 28 U.S.C. § 2255.

---

[1]Section 2241(a) provides, in part: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  Subsection (c) provides, as relevant here: The writ of habeas corpus shall not extend to a prisoner unless – (1) He is in custody under or by color of the authority of the United States . . .; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

>Title 28 U.S.C. § 2255 provides:
>
>A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre,* 211 F.3d 876, 877-78 (5th Cir. 2000). A section 2255 petition must be filed in the sentencing court, and "[r]elief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.'" *Pack,* 218 F.3d at 451. In contrast, a section 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Id.*

Section 2241 may, however, "be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). Under the savings clause, a federal prisoner may bring a writ of habeas corpus under section 2241 if the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id.* (citing 28 U.S.C. § 2255). The savings clause thus applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Defendant STEVENS argues his "petition to vacate sentence" submitted with his motion for

leave "is not a Second § 2255, and should not be characterized as one. This is a petition for a writ of habeas corpus bringing into question jurisdictional issues that can be raised at any time. . . ." Defendant STEVENS does not argue anywhere in his pleadings that a proceeding under section 2255 raising such grounds would be inadequate.

Defendant has filed his motion for leave to file and his proposed "petition to vacate sentence" in this Court, his sentencing court, not the court for the district where defendant is incarcerated. Defendant's "petition to vacate sentence" as well as his "application for leave to file writ" are based upon an argument that the Northern District of Texas did not have jurisdiction to hear this case and that trial counsel should have raised a jurisdictional challenge prior to or during defendant's prosecution. Thus, defendant's claim is based on errors that occurred "at or prior to sentencing," and is not an "attack[ on] the manner in which [his] sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Accordingly, defendant's claims are not properly pursued in a section 2241 petition. Instead, defendant is seeking to collaterally attack his sentences by alleging a lack of jurisdiction and a claim of ineffective assistance of counsel for failing to raise jurisdictional challenges. The procedure through which to challenge the legality of defendant's sentence on jurisdictional grounds is properly through a section 2255 motion to vacate. Defendant's claims are not cognizable under section 2241. Defendant's attempt to reclassify his section 2255 motion to vacate as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is without a legal basis. Defendant's challenge to his conviction and sentence is, in actuality, a motion to vacate sentence and, here, his second motion to vacate under 28 U.S.C. § 2255.

Title 28 U.S.C. § 2255 provides that a "second or successive motion [to vacate] must be

certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." Title 28 U.S.C. § 2244(b)(3)(A) sets forth the manner in which a movant may obtain the appropriate certification, *viz.*, by moving in the appropriate court of appeals for an order authorizing the district court to consider the application.  Consequently, before a district court such as this one may consider a second or successive motion to vacate, a defendant must obtain the requisite certification and/or permission from the appropriate court of appeals to file such motion with the district court.

Defendant has made no showing of having obtained certification and/or authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this second motion to vacate.  Because defendant has failed to obtain the appropriate certification from the appropriate appellate court as required by 28 U.S.C. § 2255, this Court is without authority to consider his request for relief.  Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider defendant's second motion to vacate and that the instant motion to vacate should be dismissed for lack of subject matter jurisdiction.[2]

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Application for Leave to File Writ of Habeas Corpus" filed November 30, 2009 by defendant JOHN HOMER STEVENS be, in all things, DENIED, and the "Petition to Vacate Sentence and Judgment of Conviction for Lack of Subject Matter Jurisdiction" be DISMISSED.

---

[2] Even if this Court had jurisdiction, the motion to vacate would be subject to denial based upon *U.S. v. Pineiro*, No. 03-30437, 2004 WL 1543170 (5th Cir., July 12, 2004).

IV.
INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>11th</u> day of December 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).